UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY WASHINGTON,

                                        Plaintiff,

                                               v.

CHAPLAIN M. AFIFY et al.,

                                        Defendants.
_____

DECISION AND ORDER

11-CV-6176L

        Plaintiff Anthony Washington ("plaintiff"), proceeding *pro se*, brought this action against sixteen employees and officials of Southport Correctional Facility ("Southport"). Claims against twelve of the defendants were dismissed prior to trial. At trial, the jury found "no cause" with respect to three of the four remaining defendants. As to the final defendant, the jury found that plaintiff *had* proved a Constitutional violation, but awarded only nominal damages of one dollar. (Dkt. #50, #53).

        Rule 54 of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). On February 7, 2018, defendants' counsel filed a Notice of Intent to Tax Costs, alleging that due to the fact that "15/16 Defendant[s]" successfully defended against plaintiff's claims, defendants were entitled to an award of costs as the "prevailing party" in this action. (Dkt. #55, #56). Plaintiff did not timely respond or object to the Notice, and on May 17, 2018, the Clerk issued an award of costs to defendants in the amount of $197.96, which required that objections to the award, if any, should be filed within 7 days. (Dkt. #57). Twelve days later, on

May 29, 2018, plaintiff filed a motion seeking the Court's "review" of the Clerk's award of costs. (Dkt. #58).

Having determined that the interests of justice will be served by the Court's review of the Clerk's taxation of costs in this matter, this Court will construe plaintiff's tardy motion for review as a timely motion to vacate the Clerk's award of costs. *See Brodie v. Pressley*, 1999 U.S. Dist. LEXIS 13768 (S.D.N.Y. 1999) (reviewing award of costs for the benefit of indigent *pro se* plaintiff who failed to timely object, and noting that courts have the discretion to refuse to tax costs if doing so would be inequitable). For the reasons that follow, that motion is granted, and the Clerk's award of costs (Dkt. #57) is vacated.

Initially, the Court finds, as a matter of law, that the defendants are not the prevailing parties in this action, pursuant to Fed. R. Civ. Proc. 54. District courts in this Circuit and elsewhere have consistently found that even where, as here, a plaintiff obtains only nominal damages, that plaintiff is nonetheless the "prevailing party" for purposes of taxing costs under Fed. R. Civ. Proc. 54(d). *See e.g.*, *Monsour v. N.Y. State Office for People With Developmental Disabilities*, 2018 U.S. Dist. LEXIS 113041 at *35 (N.D.N.Y. 2018) (plaintiff who obtains one dollar in nominal damages is the prevailing party for purposes of taxing costs under Fed. R. Civ. Proc. 54(d)); *Alvarez v. City of New York*, 2017 U.S. Dist. LEXIS 64311 at *18 (S.D.N.Y. 2017) (same); *Dingle v. City of New York*, 2012 U.S. Dist. LEXIS 52024 at *27-*28 (S.D.N.Y. 2012) (same); *Ciaprazi v. County of Nassau*, 195 F. Supp. 2d 398, 400 (E.D.N.Y. 2002) (same); *LaBounty v. Rivera*, 1999 U.S. Dist. LEXIS 18877 at *23 (S.D.N.Y. 1999) (same); *It's Entertainment v. Choice Entertainment*, 1994 U.S. Dist. LEXIS 1339 at *7 (S.D.N.Y. 1994) (same).[1]

---

[1] While defendants urge the Court to consider the magnitude of the results achieved by plaintiff in deciding who is the prevailing party in this action, defendants provide no legal authority – nor does research reveal any – for the

Plaintiff has not sought an award of costs here, presumably because there were no taxable costs given that plaintiff proceeded *in forma pauperis*, and the time to make such a request has long elapsed. However, because plaintiff (and not the defendants) was the prevailing party in this action for purposes of an award of costs under Fed. R. Civ. Proc. 54, the defendants were not entitled to an award of costs in any event. Equity demands that the Clerk's award of costs be vacated.

Having determined that the Clerk's award of costs must be vacated because defendants were not a prevailing party in this action under Fed. R. Civ. Proc. 54, the Court need not reach the merits of plaintiff's specific objections to the costs assessed. (Dkt. #58).

Plaintiff's converted motion seeking to vacate the Clerk's award of costs (Dkt. #58) is hereby granted, and the Clerk's award of costs to defendants (Dkt. #57) is vacated in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 13, 2019.

---

proposition that the magnitude of the results achieved is in any way relevant to an award of costs (as opposed to attorneys fees) under Fed. R. Civ. Proc. 54. Although on rare occasions, "certain courts 'have recognized that it is inappropriate to award *full* costs when plaintiffs have prevailed on only a small portion of [their] claims,'" courts considering the proportionality of a plaintiff's success have used it only as a basis to *reduce* a plaintiff's award of costs as the prevailing party, and not to deny a plaintiff "prevailing party" status. *Soley v. Wasserman*, 2014 U.S. Dist. LEXIS 136513 at *7-*8 (S.D.N.Y. 2014) (emphasis added) (quoting *E.E.O.C. v. Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985)).